MICHAEL K. INABA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Inaba v. Commissioner
Docket Nos. 28486-82, 10007-84.
United States Tax Court
T.C. Memo 1985-407; 1985 Tax Ct. Memo LEXIS 219; 50 T.C.M. (CCH) 687; T.C.M. (RIA) 85407; August 12, 1985. Peter R. Stromer, for the petitioner. Frank W. Louis, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: In these consolidated cases, respondent determined the following deficiencies in, and additions to petitioner's Federal income taxes: Docket
No.
Year
Deficiency
[1] 6651(a)(1) 28486-82
1980
$6,569.29
$654.83
10007-84
1981
7,830.00
1,307.25
Docket
Additions to Tax
No.
6653(a)
6653(a)(1)
6653(a)(2)
6654(a)
28486-82
$328.64
$104.44
10007-84
$391.50
*
350.84
*220 Petitioner, Michael K. Inaba, resided in West Redding, Connecticut, when he filed the petitions herein. The petitions allege, inter alia, that respondent ignored petitioner's irrevocable vow of proverty. On February 4, 1985, respondent filed a Motion To Calendar and Consolidate for Trial, Briefing, and Opinion, requesting that these cases be set for trial on June 3, 1985. Petitioner was directed to file an objection, if any, by April 12, 1985. No objection having been received, the motion was granted and the cases were calendared for trial on June 3, 1985, at Hartford, Connecticut, by order of the Court, dated April 30, 1985, and served on both parties. At the call of the calendar there was no appearance by or on behalf of petitioner. Counsel for respondent appeared and made an oral motion to dismiss for lack of prosecution. The first matter before the Court is petitioner's Motion For Summary Judgment filed on May 31, 1985, one business day before the case was scheduled for trial. Petitioner's basis for this motion is the contention that "[t]he Tax Court lacks jurisdiction to determine constitutional issues such as the validity of a vow of proverty executed by a member *221 of a religious order who engages in secular employment as directed by his ecclesiastical superiors." Petitioner relies on the case of for this proposition. This identical argument has been raised in several previous cases and has been rejected as lacking in merit. ; ; ; , on appeal (9th Cir., Oct. 5, 1984). In fact, the present motion is substantially similar to that which had been previously filed in one of these cases, docket No. 28486-82, and which was denied on February 9, 1984. The only new material in the present motion is petitioner's reliance on the 1984 Amendments to the Bankruptcy Act and on the government's stipulations in a Court of Claims case, to bolster his contention that the Tax Court as an Article I court has no jurisdiction over constitutional issues. We fail to see how any of this irrelevant material provides any basis *222 whatsoever for reconsideration of petitioner's contentions already fully explored and discussed in the cases cited above. Accordingly, petitioner's motion is denied. The second matter before the Court is respondent's oral motion to dismiss for the failure by petitioner properly to prosecute these cases. Neither petitioner nor counsel for petitioner appeared at the calendar call of these cases. While the order setting these cases for trial was issued a little more than a month before the trial date, petitioner had notice of respondent's request to calendar these cases in February and did not object. Petitioner's only response to the order for trial has been the above-mentioned frivolous motion for summary judgment. The mere filing of a motion for summary judgment does not excuse petitioner from appearing on the scheduled trial date, in particular in these circumstances, where there was virtually no time in which the Court could act on the motion. Petitioner's counsel is well aware that similar motions for summary judgment, including one in this case, have been denied on numerous occasions, and it is clear to the Court that this motion was filed purely for the purpose of delay, *223 harassment of respondent, and abuse of the Tax Court process. The failure of petitioner to appear in person or by counsel is unexplained and, therefore, we grant respondent's motion to dismiss these cases for failure properly to prosecute pursuant to Rule 123(b). Accordingly, a decision will be entered for respondent in the amounts of the deficiencies and additions to tax determined in the notices of deficiency. The final matter we consider is whether, in the circumstances of these cases, we should, on our own motion, award damages to the United States under section 6673. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * The petitions filed in these cases, with the exception of matters which were specific to this petitioner, such as name, residence, years and amounts in issue and the like, were identical to the one filed in , *224 on appeal (9th Cir., April 4, 1985). That case concluded that damages under section 6673 were appropriate in view of the number of cases which had already rejected the taxpayer's claims and which had to be known to the taxpayer since his counsel was also counsel for the taxpayer in the other cases. To that list of cases, namely, , affd. without published opinion ; ;;; and , affd. , we would also add Teuscher whose results were known to petitioner's counsel prior to the scheduled trial date. Moreover, in the present controversy, we have the additional factor that a motion for summary judgment was filed by petitioner even though one virtually identical to it had already been denied. This Court concludes that this action was brought and has been maintained for the primary purpose of delay and that petitioner's position is frivolous *225 and groundless. We hereby award damages to the United States in the amount of $5,000. Appropriate orders and decisions for respondent will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
*. Fifty percent of the interest due on $5,228.98 ↩